JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Lorenzo Longshaw, appeals from the imposition of a three-year term of incarceration imposed after he violated the terms of his community control by submitting a false urine for drug screening. He complains that the three-year sentence is unduly harsh given the de minimus nature of his underlying offense.
 {¶ 2} In April 2007, Longshaw pleaded guilty to a single count of robbery which alleged that in fleeing after a theft offense he used force against an arresting officer. The court sentenced Longshaw to a 24-month community controlled sanction with the intensive special probation supervision unit, and ordered in-patient drug treatment and regular drug testing. The court made it clear to Longshaw that he would be arrested upon submission of his first positive drug test. Longshaw did not appeal.
 {¶ 3} Longshaw completed in-patient drug treatment, but in July 2007 violated his community controlled sanction by submitting a false urine sample for drug testing. When taken into custody, he was in possession of drug paraphernalia. Longshaw admitted submitting the false urine sample. The court imposed a three-year term of incarceration over his request for another opportunity at drug rehabilitation.
 {¶ 4} Longshaw's primary argument is that the three-year prison sentence is overly harsh given the circumstances of the offense. He claimed the robbery *Page 4 
was one of opportunity that arose after a motorist crashed into a store and opened a hole in the wall. He and others entered the hole and looted the store. During the original sentencing, the court heard that Longshaw took clothing and toiletries worth $94. These items were immediately recovered in saleable condition. The robbery charges arose when he resisted arrest and the police were required to use a taser to subdue him.
 {¶ 5} The trial courts no longer engage in fact-finding when imposing maximum, consecutive, or more than the minimum prison terms. State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856. The court must "carefully consider" the statutes that apply to every felony case, including R.C. 2929.11 and R.C. 2929.12, State v. Mathis, 109 Ohio St.3d 54,2006-Ohio-855, at ¶ 39, but are vested with full discretion to impose a prison term within the statutory range after consideration of those factors and are not required to give reasons for imposing maximum, consecutive, or more than the minimum sentences. Id. at paragraph three of the syllabus.
 {¶ 6} We are aware that after the release of the plurality decision inState v. Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, there appears to be some hesitation in applying that decision. Although there are fundamental differences between the lead opinion and the concurring opinion, there is one point of commonality: four justices agreed that the abuse of discretion standard of review applies when the trial judge references the sentencing factors under *Page 5 
R.C. 2929.12(B) — (D). Because these factors are the ones most commonly referenced by the trial courts, the abuse of discretion standard will, as a practical matter, be applicable in most sentencing cases. This much is apparent, the clear and convincing evidence standard of review has no viability in issues stemming from the court's application of the sentencing factors listed in R.C. 2929.12(B) — (D).
 {¶ 7} In its original sentencing entry, the court noted that it considered "all required factors of law." The transcript shows the court specifically noted that under R.C. 2929.12(D), Longshaw had been out on parole and had been arrested three different times while on parole. The court also noted that Longshaw had "drug and theft cases all the way back to `73," had reported "sporadically" to his probation officer, "had positive drug tests and failed to enter a drug treatment program." All of these factors undermine Longshaw's assertions that his sentence was overly harsh and cause us to conclude that the court did not abuse its discretion when sentencing Longshaw.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, A.J., and CHRISTINE T. McMONAGLE, J., CONCUR *Page 1